# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CYNTHIA HALL,

    Plaintiff,

v.

MORTGAGEIT, INC., *et al*.,

    Defendants.

Case No. 2:11-CV-02051-KJD-CWH

**ORDER**

    Presently before the Court is the Motion to Dismiss (#12) of Defendants Countrywide Home Loans, Inc. and Mortgage Electronic Registration Systems, Inc. (collectively "Defendants"). Plaintiff Cynthia Hall filed a response in opposition (#19) to which Defendants replied (#28).

I. Background and Procedural History

    In October 2008 Plaintiff filed a lawsuit against Mortgage Electronic Registration Systems, Inc. ("MERS"), Countrywide Home Loans ("Countrywide"), and "HBSC Bank." *See* 2:08-cv-01605-LDG-LRL. Plaintiff's complaint included claims for fraud, fraud in lending practices, civil conspiracy, quiet title, slander of title, and a request for declatory relief including setting aside the foreclosure sale. Each of these claims was related to the loan and deed of trust on Plaintiff's property located at 1361 Cranston Ct., Las Vegas, Nevada (the "Property"). On September 7, 2010 Judge

Lloyd D. George dismissed Plaintiff's claims for failure to prosecute. *See* 2:08-cv-01605-LDG-LRL Dkt. #24.

In October 2009, while Plaintiff's first complaint was pending, Plaintiff filed a second complaint alleging similar claims against Mortgageit, Inc., Chicago Title, Countrywide, HSBC Bank USA, N.A. and MERS. The allegations involved the same property, loan, deed of trust and foreclosure sale. *See* 2:09-cv-02233-JCM-GWF. Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Judge James C. Mahan dismissed Plaintiff's action because the complaint failed to state valid claims and determined that amendment would be futile. *See* 2:09-cv-02233-JCM-GWF Dkt. #64.

Instead of appealing Judge Mahan's decision, Plaintiff filed a third Complaint (the "Complaint") against Mortgageit, Inc., Chicago Title, Countrywide, HSBC Bank USA, N.A., MERS on August 8, 2011, in this Court. The Complaint alleges wrongful foreclosure, fraudulent misrepresentation, and seeks declaratory and injunctive relief. The allegations relate to the same property, the same loan, the same deed of trust, and the same foreclosure of sale as the prior two lawsuits.

II. Res Judicata/Collateral Estoppel

Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *See Brown v. Felsen*, 442 U.S. 127 (1979). "Pursuant to the rule of claim preclusion, '[a] valid and final judgment on a claim precludes a second action on the claim or any part of it.'" *See Exec Mgmt., Ltd. v. Title Ins. Co.,* 963 P.2d 465, 473 (1998) (quoting *University of Nevada v. Tarkanian*, 879 P.2d 1180, 1191 (1994)). Specifically, a federal action may be barred by the doctrine of res judicata where an earlier lawsuit: (1) involved the same claim as the present suit; (2) reached a final judgment on the merits; and (3) involved the same parties or their privies. *See Blonder-Tongue Laboratories v. Univ. of Ill. Found.*, 402 U.S. 313, 323-324 (1971). "[R]es judicata bars not only all claims that were actually litigated, but also all claims that 'could have been asserted' in the prior action." *Int'l Union of Operating Engineers- Employers*

*Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (citing *McClaim v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)). Likewise, "[r]es judicata bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 2000). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (internal quotations omitted). Claim preclusion is designed "to force a plaintiff to explore all the facts, develop all the theories, and demand all the remedies in the first suit." 18 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure, § 4408 (2000).

Plaintiff is the mortgage loan borrower and owner of the Property that is the subject of all three suits. MERS and Countrywide are named as Defendants in all three suits.[1] In each suit, Plaintiff challenges the deed of trust, Defendants' authority to foreclose, chain of title, foreclosure under the deed of trust, the non-judicial foreclosure and origination claims. These constitute the "transaction nucleus of facts" giving rise to all three suits. *Frank*, 216 F.3d at 851. Judge Mahan's dismissal of claims arising from these facts was with prejudice and operated as a final judgment on the merits.

In her Opposition, Plaintiff does not address Defendants' res judicata argument (#19). Failure to file points and authorities in opposition to a motion constitutes consent to the granting of the motion. *See* L.R. 7-2. It appears that Plaintiff may have filed this action because she felt inadequately represented by her previous counsel. However, since Judge Mahan dismissed Plaintiff's second complaint with prejudice, an appeal would have been the correct remedy. Filing a new lawsuit based

---

[1] Defendants Mortgageit, Inc. and Chicago Title have been dismissed (#30). Plaintiff named "HBSC Bank" in the first lawsuit and HSBC Bank USA, N.A. in the second and third lawsuits. However, these entities were never served and dismissal is appropriate pursuant to FRCP 4(m). Accordingly, Plaintiff's claims for relief are only asserted against Defendants Countrywide and MERS.

on the mortgage and foreclosure of the Property is inappropriate. Accordingly, this action is dismissed.

III. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#12) is **GRANTED.**

DATED this 17th day of July 2012.

_____
Kent J. Dawson
United States District Judge